Exhibit 1

IN THE SUPERIOR/~~STATE~~ COURT OF MUSCOGEE COUNTY

STATE OF GEORGIA

York Telon Systems Group, Inc.
and Arthur Fracker

SU14CV1457

2014 MAY 12 PM 5:00
M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

FILED IN OFFICE

_____
                                    **PLAINTIFF**

VS.

Orbis Operations, LLC

_____

_____
                                    **DEFENDANT**

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:** Orbis Operations, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Clayton M. Adams, Esq.
Brown + Adams, LLC
P.O. Box 139
Columbus, GA 31902-0139

an answer the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____12th_____ day of _____May_____, 20_14_.

Clerk of Superior/~~State~~ Court

By _____
                              **Deputy Clerk**

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

ST-1 Rev. 85

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

FILED IN OFFICE

2014 MAY 12  PM 5:00

M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

YORKTOWN SYSTEMS GROUP, INC.; )
and ARTHUR FRACKER            )
                              )
        Plaintiffs,           )
                              )
v.                            )        Civil Action No.: SU14CV145778
                              )
ORBIS OPERATIONS, LLC,        )
                              )
        Defendants.           )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Yorktown Systems Group, Inc. ("Yorktown") and Arthur Fracker ("Fracker"), for their Complaint against Orbis Operations, LLC, show the Court as follows:

## PARTIES

1.      Yorktown is a Delaware corporation with its principal place of business located in Huntsville, Alabama. Yorktown is primarily engaged in the business of providing focused services to the United States Government and its agencies. Yorktown provides its services pursuant to contracts awarded by the Government (and its agencies), as to which contracts Yorktown serves as either as a prime contractor or subcontractor.

2.      Fracker is an adult resident of the State of Georgia. Fracker formerly served Orbis as an independent contractor or employee. As of the date of this filing, Fracker's relationship with Orbis has been terminated, and he now serves as an independent contractor to Yorktown.

3.      Upon information and belief, Defendant Orbis Operations, LLC ("Orbis") was organized under the laws of the State of Delaware, and has its principal place of business in Fairfax County, Virginia. Also upon information and belief, Orbis is primarily engaged in the business of providing goods and/or services to the United States Government and its agencies.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action for declaratory judgment.

5.      Venue is proper in this Court because: (a) the government contracts at issue were awarded in this County; (b) the services required by the government contracts at issue were to be provided in this County; and (c) Orbis seeks to restrain Fracker from providing services primarily within this County.

## BACKGROUND

6.      In October of 2012, the United States Army Mission and Installation Contracting Office, located at Fort Benning Georgia (the "Agency"), awarded

2

Contract Number W911S0-12-F-0001 (the "Initial Contract") to Orbis. The Initial

Contract required Orbis to provide Advanced Situational Awareness ("ASA")

training to War Fighters stationed at Ft. Benning. The Initial Contract was never

implemented.

7.    In January of 2014, the Agency awarded to Orbis, on a sole-source

basis, Contract Number W911SF-14-C-0002 (the "Sole Source Contract"). The

Sole Source Contract was for a three-month term and required Orbis to provide the

ASA training specified by the Initial Contract while the Agency sought

competitive bids for such services to be provided over a longer period. The place

of performance for Orbis' services under the Sole Source Contract was Fort

Benning, Georgia.

8.    On or about April 10, 2014, the Agency issued Request for Task

Order Proposal W911SF-14-R-0144 (the "Solicitation"), thereby inviting all

eligible concerns to submit a proposal to provide the ASA required by the Sole

Source Contract by a specified date. The Solicitation also set forth the criteria

upon which each offeror's proposal would be evaluated.

9.    The Solicitation made clear that the award would be made under the

United States Army's Maneuver Center of Excellence Suite 1 contract vehicle (the

"Contracting Vehicle"), on an indefinite delivery, indefinite quantity basis. Only

3

those offerors who had been awarded a prime contract under the Contracting

Vehicle were eligible to submit proposals in response to the Solicitation.

Yorktown, unlike Orbis, had been awarded a prime contract under the Contracting

Vehicle. Thus, while Yorktown was eligible to respond to the Solicitation, Orbis

was not.

10.    Yorktown responded to the Solicitation and submitted a proposal to

the Agency. As part of its proposal, Yorktown specifically identified Fracker and

proposed to use him to provide a portion of the services required by the

Solicitation.

11.    On or about May 8, 2014, the Agency notified Yorktown that its

proposal had been selected for award and Yorktown was awarded Task Order

W91247-12-D-0007-0005 (the "Task Order"). Pursuant to the Task Order,

Yorktown is to provide the ASA previously to be provided by Orbis under the Sole

Source Award. The place of performance for Yorktown's services under the Task

Order is Fort Benning, Georgia.

12.    Yorktown has contracted with Flacker to provide a portion of the

services required by the Task Order. On or about May 11, 2014, Yorktown

received correspondence from Orbis' counsel, contending that Yorktown's

engagement of Fracker was in contravention of Fracker's alleged contractual

4

obligations to Orbis.  A true and correct copy of such correspondence is attached
hereto as Exhibit A.

13.    Although Orbis did not provide Yorktown with a copy of the
agreement referenced in Exhibit A, Yorktown has obtained such agreement (the
"Fracker Agreement") from Fracker and attaches hereto as Exhibit B a true and
correct copy of the same.

14.    Yorktown alleges that the post-term restrictive covenants contained in
the Fracker Agreement cannot be applied so as to prevent Fracker from providing
the services required by the Task Order.  Further, Yorktown alleges that Fracker's
provision of such services would not constitute a breach of the Fracker Agreement.

## COUNT I - - DECLARATORY JUDGMENT

15.    Yorktown adopts and incorporates by reference the averments of the
preceding paragraphs, as if fully set forth herein.

16.    Upon information and belief, all parties interested in the outcome of
this claim are parties to this action and properly before the Court.

17.    As reflected by Exhibit A, there exists a justiciable controversy
regarding the application of the Fracker Agreement as it relates to Yorktown's and

Fracker's provision of services under the Task Order.  Pursuant to GA. Code Ann. § 9-4-2, Yorktown seeks the Court's judgment as to such controversy.

18.    No party has previously sought similar relief.  Yorktown's and Fracker's hands are clean and they are prepared to do equity.

WHEREFORE, Yorktown and Fracker pray the Court to enter judgment determining the parties' respective rights and obligations as follows:

A.    Declaring that the post-term anti-competitive provisions of the Fracker Agreement are not effective so as to prevent Fracker from providing services to Yorktown and the Government under the Task Order;

B.    Declaring that Fracker's provision of services, to the Government, through Yorktown, under the Task Order, would not constitute a breach of the Fracker Agreement; and

C.    Awarding Yorktown and Fracker such other relief as equity may require, along with the costs of this action.

Respectfully submitted,

Clayton M. Adams
State Bar No. 002737

**OF COUNSEL:**

BROWN & ADAMS, LLC
Post Office Box 139
Columbus, Georgia 31902-0139
Telephone: (706) 653-6109

W. Brad English
Gary L. Rigney
MAYNARD, COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
*Applications for Admission*
*pro have vice forthcoming*

Counsel for Plaintiffs

**SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:**

**Orbis Operations, LLC**
c/o Meredith Nichols, Registered Agent
6849 Old Dominion Drive, Suite 370
McLean, Virginia 22101

EXHIBIT A



1776 K STREET NW
WASHINGTON, DC 20006
PHONE    202.719.7000
FAX      202.719.7049

7925 JONES BRANCH DRIVE
MCLEAN, VA 22102
PHONE    703.905.2800
FAX      703.905.2820

www.wileyrein.com

May 11, 2014

Todd A. Bromberg
202.719.7357
tbromberg@wileyrein.com

**VIA E-MAIL, FAX AND OVERNIGHT DELIVERY**

Bryan Dyer
President/Chief Executive Officer
Yorktown Systems Group, Inc.
2905 Westcorp Blvd, Suite 116
Huntsville, AL 35805
bdyer@ysginc.com

Re:   **Yorktown Systems Group, Inc.'s Solicitation of Orbis Operations, LLC
      Instructors and Tortious Interference with Orbis's Contracts**

Dear Mr. Dyer:

On April 16, 2014, the General Counsel of Orbis Operations, LLC ("Orbis"), Robert Levin, informed you in writing that each Instructor for Orbis's Advanced Situational Awareness Training (ASAT)® is party to various non-compete and non-disclosure agreements with Orbis that, among other things, prevent the Instructors from competing with Orbis directly or by working for any competitor of Orbis. Mr. Levin further informed you that Orbis would seek to enforce its agreements against its Instructors to protect its business and that your company could become a party to such litigation or subject to other claims by Orbis.

Despite your knowledge of these restrictions on Orbis's Instructors, we understand that Yorktown Systems Group, Inc. ("Yorktown") has hired or retained a former Orbis Instructor, Arthur Fracker, to support Yorktown's recently-awarded contract to provide Advanced Situational Awareness training services at Ft. Benning, Georgia and other locations. Your hiring or retention of Mr. Fracker directly violates Mr. Fracker's agreement not to provide to a client of Orbis the same or similar products or services offered by Orbis nor to support a third party in the provision of such products or services. In addition, Mr. Fracker and a recruiter representing Yorktown have sent multiple electronic communications to current Orbis Instructors to induce them to breach their contractual obligations to Orbis in order to provide similar services to Orbis's clients for Yorktown. As Mr. Levin previously informed you, these Instructors (like Mr. Fracker) are subject to strict confidentiality, non-solicitation and non-competition obligations. Orbis considers Yorktown's actions, on its own as well as by and through Mr. Fracker and Yorktown's recruiter, tortious interference with contract. Orbis demands that



May 11, 2014
Page 2

Yorktown and its employees and representatives immediately cease and desist with any further communications to any Orbis Instructor.

It also is obvious from the direct communications to Orbis Instructors on Yorktown's behalf that Mr. Fracker has shared confidential information related to these instructors with Yorktown and/or its recruiter. Thus, Mr. Fracker – and by extension Yorktown – has misappropriated at least one piece of Orbis confidential and proprietary information in violation of his confidentiality agreement with Orbis.

Orbis intends to vigorously pursue its legal remedies against all responsible parties for any unlawful action taken in derogation of its legitimate business interests. This would include, but is not limited to, liability for tortious interference with any of Orbis's contractual or prospective business relationships, and any misappropriation or use of Orbis's trade secrets, confidential information, or proprietary information. Separate and apart from the obligations contained in Orbis's agreements with its employees and independent contractors, Virginia imposes severe burdens on entities and individuals found liable for wrongful interference and theft of trade secrets claims, including attorneys' fees and punitive damages.

Orbis demands that Yorktown confirm in writing by no later than May 14, 2014 that Yorktown (1) has not and will not obtain (or seek to obtain) or directly or indirectly use any additional Orbis confidential or proprietary information or use that confidential or proprietary information to which Yorktown has already been exposed by the improper actions of Mr. Fracker; and (2) has not and will not take any action on behalf of Yorktown that will in any way violate Orbis's Instructors' contractual and common law obligations to Orbis or induce Orbis's Instructors to violate the terms of such legal obligations.

In the interim, you are hereby advised that Yorktown must retain and not destroy, alter, edit or in any way spoliate any documents or other tangible things (electronic or otherwise) that relate in any way to the activities described above. Failure to retain such documents could expose your company to severe court-imposed sanctions, and we urge you to consult with a lawyer before allowing any such documents in Yorktown's possession or control to be destroyed.



May 11, 2014
Page 3

Sincerely,

Todd A. Bromberg
*Counsel for Orbis Operations, LLC*

cc:    Rob Levin



**6849 Old Dominion Drive**
**Suite 310**
**McLean, VA 22101**

By accepting this offer and executing this Letter, you acknowledge that you have had the opportunity to seek the advice of independent legal counsel, and that you have read and understand all of the information and provisions included in this Letter.

<u>Confidential and Proprietary Information</u>

As a condition of your employment, you will respect the legal rights of Orbis to protect its confidential and proprietary information and client relationships by retaining such information in strict confidence and by not seeking to establish a business relationship with or work for Orbis clients either personally, indirectly, or as an agent or employee of any organization. In addition, all work you perform for Orbis and all work product, work producing patents, copyrights, or inventions or any components thereof that arise out of your work during your period of employment with Orbis are the property solely of Orbis. As a further condition of your employment, you will be required to sign and comply with a separate confidentiality and non-solicitation agreement setting out these obligations. A copy of this agreement is annexed hereto as Appendix A.

<u>Return of Property</u>

Upon termination of your employment, you agree to immediately return all property in your possession, custody or control belonging to Orbis, its clients, or otherwise pertaining to Orbis' confidential or proprietary information (and agree not to retain any copies of the same) as those terms are defined above and in Appendix A.

<u>Other Conditions of Employment</u>

Upon the termination of your employment, you agree that you will not perform work for or solicit any Orbis client irrespective of whether you interacted with the client in question while an employee of Orbis, nor for any potential Orbis client with whom you interacted while an employee of Orbis for a period of one year following the end of your employment with Orbis. As a further condition of your employment, you will be required to sign and comply with a separate confidentiality and non-solicitation agreement setting out these obligations. A copy of this agreement is annexed hereto as Appendix A.

By signing this Letter you agree to the terms above and to abide by all applicable U.S. and foreign laws and regulations, the terms and regulations of any specific contract on which you work as well as Orbis' polices & procedures, Handbook and Code of Conduct and Standards of Business Conduct including those provisions relating to non-solicitation and confidentiality.

This Letter constitutes our entire offer regarding the terms and conditions of your prospective employment with Orbis. You should note that this Letter offers a position but does not constitute an employment contract or agreement.

Initials: _____

6

**APPENDIX A**

## CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT

THIS CONFIDENTIALITY AND NON-SOLICITATION AGREEMENT (the "Agreement") is between of Orbis Operations, LLC (the "Company"), and ⟦ARTHUR K FRACKER⟧ (hereinafter referred to as "you" or "your").

### 1. Confidential Information

You understand and agree that the Company possesses and will possess confidential information that is important to its business. For purposes of this Agreement, "Confidential Information" is information that was or will be developed, created, or discovered by or on behalf of the Company, or which became or will become known by, or was or is conveyed to the Company, which has commercial value in the Company's business. Confidential Information includes, but is not limited to:

(a) any information, data, or know-how that is competitively sensitive, including without limitation information that relates to research, planning information, products, services, customers, marketing strategies, technical plans, operations, prices, customer lists and relationships, business plans, developments, inventions, processes, designs, drawings, engineering, hardware configuration information, marketing, costs, cost rates or finances of the Company, or any client, prospective client, business contact, vendor, supplier and subcontractor of the Company;

(b) any scientific or technical information, design, process, procedure, formula or improvement that is commercially valuable and secret in the sense that its confidentiality affords the Company a competitive advantage over its competitors;

(c) all confidential or proprietary concepts, documentation, reports, data, specifications, flow charts, diagrams, databases, inventions, software (source or object code), information and trade secrets, whether or not patentable or copyrightable;

(d) any documents or information designated in writing to be confidential or proprietary, or if given orally is identified as confidential or proprietary at the time of disclosure;

(e) any information, data, know-how, methodologies, techniques, trade secrets, processes or scenarios related to or involving Advanced Situational Awareness Training (ASAT)©, Insider Threat – Situational Awareness Training (IT-SAT)$^{SM}$, Special Operations Forces Situational Awareness Training (SOFSAT)$^{SM}$, Maritime Advanced Situational Awareness Training (MASAT)$^{SM}$, situational awareness training generally, human behavior pattern recognition & analysis generally or any similar or related service or concept irrespective of the name under which it may be marketed; and

(f) any other documents or information that the Company reasonably considers to be of a commercially-sensitive nature.

## 2. Nondisclosure

You understand and agree that both during the continuance of this Agreement, and after termination of the Agreement or your employment without limit of time, you will:

(a) not use, disclose, make known, divulge, reveal, furnish, or permit disclosure to any person (except to officials of the Company authorized to receive it or with the prior written consent of such officials, or as required by any applicable law or regulation) any Confidential Information of the Company or of the clients, prospective clients, business contacts, vendors, suppliers and subcontractors of the Company;

(b) do everything reasonable within your power to keep Confidential Information secret and to avoid disclosure to and use by persons not entitled and authorized to receive it;

(c) not use any Confidential Information for your own benefit or for the benefit of any person or persons or other third party or in a manner which would or might be detrimental to the Company either during your employment with the Company or at any time after your employment with the Company terminates; and

(d) sign such confidentiality undertakings in favor of the Company or any other person as the Company may reasonably request, and observe all such undertakings and all other restrictions and obligations upon any of the Company known to you in relation to any Confidential Information received from any third party, including, but not limited to the clients, prospective clients, business contacts, vendors, suppliers and subcontractors of the Company.

## 3. Non-Solicitation

Through your association with the Company, you shall acquire a considerable amount of knowledge and goodwill with respect to the actual and prospective clients of the Company. It is therefore understood and agreed that it is reasonable and fair to afford the Company the fair protection to this knowledge and goodwill by complying with the following:

(a) You agree that during your employment with the Company, and for a period of one year thereafter, you will not directly or indirectly, alone or as a partner, joint venturer, officer, director, employee, consultant, agent, independent contractor or stockholder of any company or business, engage in any business activity which is directly or indirectly in competition with the Company's markets or with any of the products or services being developed, marketed, distributed, planned, sold or otherwise provided by the Company. You hereby acknowledge and agree that these restrictions and covenants are reasonable, in terms of scope, duration and otherwise, and that the protections afforded to the Company hereunder are necessary to protect its legitimate business interests; and

(b) You further agree that during your employment with the Company, and for a period of one year thereafter, you will not directly or indirectly, alone or in concert with any other person or entity, solicit, attempt to solicit, service or provide or attempt to service or provide the same or similar products and/or services as offered by the Company to a client of the Company. A "Client" shall mean any individual or entity that: (i) is a client of the Company



2

on the date of the termination of your employment, (ii) was a client during the one year period preceding the date of the termination of your employment, or (iii) had been, as of the date of the termination of your employment, contacted by the Company as a prospective client. In the case of the federal government and its components, the term client does not apply to the entire government or to entire agencies or departments, but only to the components of those agencies or departments that are clients of the Company.

**4. Miscellaneous**

You understand and agree that:

(a)     This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, without giving any effect to its conflict of laws provisions. You also agree to submit to the non-exclusive jurisdiction of the state courts of the Commonwealth of Virginia or, if appropriate, the federal courts of Virginia, with respect to any claims brought by the Company and to the exclusive jurisdiction of such courts with respect to any claims brought by you against the Company. You hereby waive your right to trial by jury with respect to any such claims.

(b)     In the event that any provision of this Agreement conflicts with the law under which this Agreement is to be construed, such provision shall be deemed to be restated to reflect as nearly as possible the original intentions of the parties in accordance with the applicable law. The remaining provisions of the Agreement shall continue in full force and effect.

_____        20 NOV 2013
**EMPLOYEE NAME**                        Date

3

IN THE SUPERIOR/~~STATE~~ COURT OF MUSCOGEE COUNTY

STATE OF GEORGIA

Yorktown Systems Group, Inc.
and Arthur Fracker

SU14CV1457

_____
PLAINTIFF

VS.

Orbis Operations, LLC

_____

_____

DEFENDANT

M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

2014 MAY 12  PH 5:00

FILED IN OFFICE

SUMMONS

TO THE ABOVE NAMED DEFENDANT: Orbis Operations, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is: Clayton M. Adams, Esq.
Brown + Adams, LLC
P.O. Box 139
Columbus, GA 31902-0139

an answer the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____12th____ day of ____May____, 20 14.

Clerk of Superior/State Court

By _____

Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

ST-1 Rev. 85